IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CLYDE PUMPHREY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE**<br><br><br>Case No.  2:13-cr197 CW<br><br>Judge Clark Waddoups |

On May 25, 2013, the United States gave notice of its intent to introduce evidence of the

Defendant's prior offense of child molestation under Federal Rule of Evidence 414. (Dkt. No. 35).

In particular the United States stated it intended to offer court records from the United States District

Court for the District of New Mexico (case number 09-CR-1746 JH) confirming the Defendant's

conviction in 2011 under 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256 for receipt of visual

depictions of minors engaged in sexually explicit conduct.  In response, the Defendant moved in

limine, on May 31, 2013, to preclude the government from admitting evidence of his prior conviction

and any statements given by the Defendant as a factual basis for his guilty plea.  (Dkt. No. 44).  The

United States filed a response to the Defendant's motion on June 5, 2013.  Having fully considered

the arguments of the parties, the court rules as follows:

Rule 414 of the Federal Rules of Evidence permits the admission of evidence of other acts

of child molestation in a criminal case "in which a defendant is accused of child molestation."  Rule

414 is an exception to the general rule prohibiting the admission of evidence to show a defendant's

propensity to commit bad acts.   *See* Fed. R. Evid. 404(a); *United States v. Benally,* 500 F.3d 1085,

1089 (10th Cir. 2007).   Generally, the court is required to liberally admit evidence of prior sexual

offenses against children in a child molestation cases.  *See, e.g.*, *United States v. Meacham*, 115 F.3d

1488, 1492 (10th Cir. 1997).   Nevertheless, before admitting such evidence, the court must

determine "(1) the defendant is accused of a crime involving sexual assault or child molestation, (2)

the evidence proffered is evidence of the defendant's commission of another offense or offenses

involving sexual assault or child molestation, and (3) the evidence is relevant."   *Benally*, 500 F.3d

at 1090 (citing *United States v. McHorse*, 179 F.3d 889, 898 (10th Cir. 1999)).   The court must also

fully evaluate and "make a clear record" of the reasoning behind its findings of whether the evidence

proffered survives the balancing test required under Rule 403.    In this balancing analysis the court

should consider:

> 1) how clearly the prior act has been proved; 2) how probative the
> evidence is of the material fact it is admitted to prove; 3) how
> seriously disputed the material fact is; and 4) whether the government
> can avail itself of any less prejudicial evidence. When analyzing the
> probative dangers, a court considers: 1) how likely it is such evidence
> will contribute to an improperly-based jury verdict; 2) the extent to
> which such evidence will distract the jury from the central issues of
> the trial; and 3) how time consuming it will be to prove the prior
> conduct.

*Benally,* 500 F.3d at 1090 (quoting *United States v. Enjady,* 134 F.3d 1427, 1433 (10th Cir. 1998)).

In this case, the United States has satisfied the *McHorse* requirements.  The Defendant is

accused of production, possession and distribution of child pornography. These charges are

accusations of child molestation.  The evidence of the Defendant's prior conviction in New Mexico

for receipt of visual depictions of minors engaged in sexually explicit conduct meets the requirement of a prior conviction of child molestation and is relevant to whether it is more likely that the Defendant committed the acts charged in the Superseding Indictment. Because these requirements are satisfied, the court must next engage in the balancing required under Rule 403 by *Enjady.*

First, the evidence the government proposes to offer here is clearly proven by the Defendant's guilty plea, statement of facts made in support of the guilty plea, and the court records of the conviction. The government does not propose to offer additional evidence related to that conviction that would present questions as to the provability of the assertions. Second, the prior conviction is recent, having occurred in 2011 for conduct admitted to have taken place in 2007. The recency of the conduct makes it probative for similar conduct charged in the Superseding Indictment that is alleged to have taken place in 2008 and continuing into 2009. The receipt of child pornography is further probative of the Defendant's interest in such materials, which makes the charged conduct more likely. Third, the convictions are not disputed. Fourth, other less prejudicial ways of providing the jury with this relevant information have not been suggested by the Defendant and the government has limited the proposed evidence to the court records and supporting documentation. The limited nature of the proffer weighs in favor of its admission.

The court must also consider, however, whether the proffered conviction will contribute to an "improperly based jury verdict" or "distract the jury from the central issues of the trial." The government concedes that the evidence of the conviction is prejudicial, but not improperly so. Indeed, all evidence proffered to support a conclusion that the Defendant committed the acts with which he is charged is prejudicial. The test is whether the evidence is unduly prejudicial. The fact

that the government has limited the evidence to the court records and supporting statement minimizes the risk that the jury will be distracted from the evidence offered to prove the conduct charged here or that the jury will base its verdict on the prior conviction without sufficient evidence to support the offenses charged here.  Moreover, the court will give a cautionary instruction as to the limited purpose for with the evidence of offered, if requested by the Defendant.  Finally, the amount of time required to introduce the evidence will be insignificant.   The conviction is admitted and established by court records.

After considering the relevant facts, the court finds that the government has met the requirements for admitting the prior conviction and the supporting factual statement under Rule 414. The balancing required under Rule 403 tips in favor of the government.  Although the evidence is prejudicial, it does not unduly or improperly prejudice the Defendant.  There is no basis to conclude that the jury will not distinguish between the conduct that is charged here and the conduct that Defendant has admitted in support of his prior conviction.  The conduct is probative and will inform the jury as to issues relevant to the Defendant's interest in and attraction to images of child pornography.

The Defendant's motion in limine to preclude introduction of the 2011 conviction and the supporting court records and statement is DENIED.

SO ORDERED this 6th day of June, 2013.

BY THE COURT:

Clark Waddoups
United States District Judge